**BEL AIR MARKETS et al., Plaintiffs,**

v.

**FOREMOST DAIRIES, INC., et al., Defendants.**

**No. 69 74.**

United States District Court, N. D. California.

June 8, 1972.

Guido Saveri, San Francisco, Cal., for plaintiff.

Orrick, Herrington, Rowley & Sutcliffe, San Francisco, Cal., for defendant Lucky Stores.

Morrison, Foerster, Holloway, Clinton & Clark, San Francisco, Cal., for defendant Foremost Dairies & Foremost-McKesson.

## MEMORANDUM OF DECISION

SWEIGERT, District Judge.

This is a private civil antitrust action brought by eight retail grocers in the Sacramento area as a class action against Foremost Dairies and Lucky Stores. The class proposed by the named plaintiffs consists of "those retail grocery stores in the State of California that have directly or indirectly purchased dairy products, including without limitation, fluid milk and fluid cream, from one or more of the defendants."

The action is presently before this Court on the motions of both the plaintiffs and the defendants to determine whether this proposed class action is maintainable under Rule 23 Fed.R.Civ. Procedure.

The complaint alleges that in about July, 1965, Foremost and Lucky entered into an agreement whereby Foremost would sell dairy products to Lucky at lower prices than it would sell to other retail purchasers; that in return Lucky would purchase all its dairy products from Foremost; that this agreement was initiated because Foremost feared that Lucky was about to build and operate its own dairy facility and thus deprive Foremost of one of its major customers; that Lucky agreed to refrain from constructing any such dairy facility in competition with Foremost; that this agreement was carried out and continued until 1968 when the State of California brought a lawsuit to terminate the agreement, charging that Foremost was selling to Lucky at below the minimum prices set by the State for dairy products; that the eight named plaintiffs own retail grocery outlets in the Sacramento area and that during the relevant period they purchased dairy products from Foremost at prices higher than those charged Lucky.

Plaintiffs contend that these alleged acts violated Section 1 of the Sherman Act, 15 U.S.C. § 1; Sections 2(a) and 2(f) of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C. §§ 13(a) and 13(f), and Section 3 of the Clayton Act, 15 U.S.C. § 14.

The defendants, admitting the existence of the agreement whereby Lucky was charged lower prices for dairy products than other retail grocers who purchased from Foremost, contend that the agreement was not in vilolation of the antitrust laws.

Defendant Foremost is one of the largest distributors of dairy products in California, having sold its dairy products to over 2600 retail grocers in 1970

alone. Defendant Lucky is an operator of retail grocery markets in California, Washington and Oregon. During the relevant period it operated over one hundred forty (140) retail outlets in California—65 stores in the San Francisco Bay Area, 27 stores in Sacramento, 49 stores in Los Angeles and 15 stores in San Diego; Lucky had no stores in such major California cities as Fresno, Bakersfield, Santa Barbara, San Bernardino and Eureka and operated only two stores in San Francisco.

The plaintiffs, seeking to maintains the class action,[1] contend that the complaint charges a conspiracy to restrain trade in violation of Section 1 of the Sherman Act; that the common issues predominate over individual issues, primarily the common, underlying issue of conspiracy, and that a class action is the superior method by which to try this case.

It is true that cases which involve conspiracy allegations, have often been found to be appropriate for class action treatment. Siegel v. Chicken Delight, 271 F.Supp. 722 (N.D.Cal.1967), modified Chicken Delight Inc. v. Harris, 412 F.2d 830 (9th Cir. 1969), Eisen v. Carlisle & Jacquelin, 391 F.2d 555 (2d Cir. 1969).

However, in the present action there are distinguishing factors.

The defendants, opposing maintenance of this case as a class action, contend that the action, although alleging conspiracy, is primarily one for price discrimination under Sections 2(a) and 2(f) of the Robinson-Patman Act (15 U.S.C. 13(a) and 13(f));[2] also that the class proposed by the plaintiffs is too indefinite; that common questions do not predominate over individual questions; and also that the named plaintiffs cannot adequately represent the interests of the proposed class.

Although defendants do not concede that the plaintiffs have satisfied Rule 23 in other respects, their primary contention is that the common issues do not predominate over the individual issues, particularly the individual issue of whether each individual plaintiff in fact competed with the alleged favored customer, i. e., a Lucky store.

One essential element of a price discrimination case is that there exist competition between the favored customer and the disfavored customer. Alexander v. Texas Co., 149 F.Supp. 37 (W.D.La.1957); Balian Ice Cream Co. v. Arden Farms Co., 231 F.2d 356 (9th Cir. 1955); Ingram v. Phillips Petrole-

---

1. In any class action, the plaintiff has the burden of showing that the provisions of Rule 23 Fed.R.Civ.P., are satisfied. Philadelphia Electric Co. v. Anaconda, 43 F.R.D. 452 (E.D.Pa.1968); City of Philadelphia v. Emhart Corp., 50 F.R.D. 232 (E.D.Pa.1970). In this case the parties agree that the plaintiffs must satisfy the requirements of both Rule 23(a) and 23(b) (3), Fed.R.Civ.P., in order to maintain this class action. Rule 23(a) requires that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claim or defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class.

Rule 23(b) (3) requires in addition to satisfying the requirements of 23(a), the

court must find that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2. Section 2(a) of the Robinson-Patman Act makes it "unlawful for any person engaged in commerce, . . . to discriminate in price between different purchasers of commodities of like grade and quality . . . : where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy or prevent competition . . . ." provided, however, that differences in prices charged are not unlawful when they are cost justified or when they are instituted to meet competition.

um Co., 259 F.Supp. 176 (D.N.M.1966). Without this element of competition the disfavored customer is not injured by any price discrimination.

While plaintiffs contend that this action is not solely for price discrimination, it does appear that price discrimination is the major thrust of the complaint which essentially alleges a secondary line price discrimination case, that is, a supplier, i. e., Foremost, charging one customer, i. e., Lucky, lower prices for the same products than it charges its other customers, i. e., the plaintiffs. In the present action, therefore, there must be proof of competition between the favored Lucky store and each individual retail store that paid higher prices for its Foremost dairy products.

The question whether a disfavored Foremost purchaser competed with a Lucky store will have to be individually proved since none of the disfavored customers can be assumed to have competed with a Lucky store. Some of the 2,000 grocery stores, included in the class, may have been in competition with one of Lucky's 140 stores.

On the other hand, many of the grocery stores included in the class, may not have so competed, for example, a grocery store purchasing from Foremost in cities where Lucky has no stores, such as Fresno and Bakersfield, would hardly be in competition with a Lucky store. In a city such as San Francisco, where Lucky has only two stores, the proof necessary to demonstrate the requisite competition would certainly vary for each disfavored San Francisco customer of Foremost, depending on the type of store, i. e., supermarket or corner grocery store, and its proximity to one of the Lucky stores.

So, the proof on this issue will differ for each disfavored customer depending on the type of store operated, the city in which it is located, whether there were only Lucky stores in that city and, if so, the distance between it and the Lucky store, and other factors affecting competition. For each individual retail store, purchasing dairy products from Foremost, to prove that it competed with a favored Lucky store will take a substantial, if inestimable, amount of court time.

That this individual issue of competition will predominate over the common issue of conspiracy appears from the fact that defendants have already admitted the underlying and allegedly conspiratorial agreement whereby Lucky was charged lower prices for dairy products (see Defendants' Response to Plaintiffs' First Set of Interrogatories Propounded to Foremost Defendants, filed May 1, 1970 at p. 3–6 and Supplemental Memorandum by Foremost in Opposition to Class Action filed December 10, 1970, p. 1). Thus, the common issue of the alleged conspiratorial agreement would be a relatively simple matter while the individual issue, i. e., competition between Foremost customers and Lucky, would remain as the predominant issue.

A further problem is that the proposed class consists of "indirect" purchasers of dairy products from Foremost. This would require individualized proof.

Further, considering that defendant Foremost has asserted the defenses of cost justification and meeting competition, both of which would involve individual rather than common issues, it seems apparent that this action is not suitable for class action treatment.

In support of their contention that this case should be maintained as a class action, plaintiffs rely on two cases, State Wholesale Grocers v. Great A & P Tea Co., 24 F.R.D. 510 (N.D.Ill.1959) and Gold Strike Stamp Co. v. Christensen, 436 F.2d 791 (10th Cir. 1970). In both of those cases Robinson-Patman Act violations were among the allegations but the courts nevertheless allowed the class actions.

*Gold Strike Stamp* however, really demonstrates the impropriety of allowing class action status in the case at bar.

The complaint alleged, inter alia, that *Gold Strike Stamp Co.*, sold its trading stamps to retail grocers at lower prices than it charged service stations. In allowing the class action status, the court found that, realistically considering the saturation of service stations and grocery stores, every service station could be assumed to compete with at least one of the favored customers, a grocery store. This assumption of fact eliminated the need for each service station to prove competition between itself and a favored grocery store.

In the present action, however, we cannot make a similar assumption, i. e., that every California customer of Foremost competes with a Lucky store. On the contrary, given the uneven dispersion of Lucky stores, it is more probable that the areas of competition were extremely limited.

In *State Wholesale Grocers*, plaintiffs alleged that disproportionate promotional and advertising allowances had been granted to competing customers in violation of Section 2(d) of the Robinson-Patman Act. The named plaintiffs were retail and wholesale grocers in the Chicago Metropolitan area; defendants were A & P markets, the favored customer, and its suppliers. The claimed class was composed of retail grocers situated in the Chicago Metropolitan area who resold products of the defendant suppliers *in competition with at least one store of the favored retailer*, A & P, and to whom proportionately equal treatment was not made available.

The distinction between *State Wholesale Grocers* and the present case is that in that case the court found that it had been "clearly established" that the class consisted of those grocers who were in competition with at least one store of the favored retailer. In the present case the proposed class is not so limited; any California retail grocer is included in the class whether it competed or not with a Lucky store and, further, the issue concerning which of thousands of retail store customers of Foremost competed with a Lucky store cannot be clearly established until trial of that issue as to each store.

■ We conclude that the action should not be maintained as a class action because common questions do not predominate over individual questions as required by Rule 23 Fed.R.Civ.P., and a class action would not be the superior method to try this case.

Defendants have also strongly urged that the named plaintiffs do not adequately represent the proposed class, contending that, among other things, there exist definite conflicts of interest between the named plaintiffs and the class members. For instance, defendants allege that certain of the named plaintiffs received price discounts from Foremost, similar to those received by Lucky, which other class members did not receive.

Although these contentions may have merit, we need not reach them because of our finding and conclusions hereinabove set forth.

Accordingly, it is the order of the court that plaintiffs' motion for an order maintaining this case as a class action should be, and the same is, hereby denied; and defendants' motion for an order that this case not be allowed as a class action should be, and the same is, hereby granted.