Vivien ZEIGLER, for herself and all others similarly situated, Plaintiff,

v.

GIBRALTER LIFE INSURANCE COMPANY OF AMERICA, a corporation, Defendant.

Civ. No. 67-70S.

United States District Court
D. South Dakota, S. D.

Nov. 13, 1967.

G. A. Bangs, of Bangs, McCullen, Butler & Foye, Rapid City, S. D., appeared for plaintiff.

R. G. May and Gale E. Fisher, of May, Boe & Johnson, Sioux Falls, S. D., and Robert C. Heege, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for defendant.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

The plaintiff, Vivien Zeigler, "for herself and all others similarly situated," has brought this action, with supporting motion,[1] under Rule 23 of the Federal Rules of Civil Procedure, as amended on July 1, 1966, claiming that this court should give cognizance to said action, an alleged violation of 15 U.S.C. § 78j, as a class action. A hearing was had on the matter and briefs were submitted by both parties.

Count I of the complaint alleges that National Life of America, a South Dakota insurance corporation, "at all times pertinent hereto, was engaged in selling life, health and accident insurance." National Life had 67,800 shares of outstanding common stock, 38,388 shares of which were owned by three persons known as the "Powell Group." The balance of said stock was distributed among more than 10,000 shareholders.

Count I further alleges that on or about December 3, 1960, the defendant,

---

1. There appears to be some disagreement as to which party is the movant under Amended Rule 23. In those cases called to the attention of this court, the defendant has moved the court for a dismissal of the suit as a class action. See e.g., Kronenberg v. Hotel Governor Clinton, Inc., 41 F.R.D. 42 (D.C.1966); Hirschi v. B. & E. Securities, Inc., 41 F.R.D. 64 (D.C.1966); Eisen v. Carlisle & Jacquelin, 41 F.R.D. 147 (D.C.1966). In a recent decision, however, both parties moved. Siegel v. Chicken Delight, Inc., 271 F.Supp. 722 (D.C.1967). It would seem that since the court, under 23(c)(1), is required to determine in each case whether a class action is maintainable, it should be plaintiff, if anyone, who should so move. It is conceivable that in a given case defendant may offer no resistance to the class action, yet the court is still bound to make its determination.

Gibralter Life, in consideration for the sum of $50,000, "obtained an option to purchase" the shares owned by the "Powell Group" exercisable "on or before April 23, 1961." The option provided for a purchase price of $67.50 per share.

It is further alleged that the defendant "thereafter, by the use of the mails and other means and instrumentalities of interstate commerce" defrauded the minority shareholders of National Life by purchasing from them 4,700 shares of the stock at $30.00 per share "without disclosing to them (a) the option price of $67.50; (b) the book value of the common stock which was in excess of $50.00; (c) the adjusted book value of said stock which was in excess of $65.00; and (d) the identity and insider position of the purchaser". Plaintiff, the owner of two shares of stock and one of some 1000 allegedly defrauded minority shareholders, alleges that she will "fairly and adequately protect the interests of all the sellers."

Rule 23(c) (1) indicates that the court should make a determination "as soon as practicable" after the class action has been commenced as to whether it should be so maintained. The applicable portions of said Rule 23, as amended, are as follows:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition: * * *

(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of the members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

It seems readily apparent that counsel for the defendant is correct in his contention that the plaintiff must meet the four requirements of Rule 23(a) and the two special requirements of 23(b) (3) before this action can be maintained. The alternative requirements of Rules 23 (b), 23(b) (1) and 23(b) (2), are not applicable to the matter before this court.[2]

2. These two subdivisions provide:
(1) the prosecution of separate actions by or against individual members of the class would create a risk of
  (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
  (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, there-

■ Before proceeding further, this court feels constrained to make one pertinent observation. Jurisdiction in this case is based upon Sec. 27 of the Securities and Exchange Act of 1934. See 15 U.S.C.A. Sec. 78aa. This section confers jurisdiction upon the United States District Courts irrespective of diversity of citizenship or the "amount in controversy." 28 U.S.C.A. Sec. 1332. In this regard, the Ninth Circuit Court of Appeals in Harris v. Palm Springs Alpine Estates, 329 F.2d 909 (1964), has observed:

> "Rule 23 is a rule of procedure, not a limitation upon jurisdiction. Where a statute confers jurisdiction upon United States district courts over particular actions without regard to the amount in controversy or the citizenship of the parties, * * * (citations omitted), it is irrelevant to the district court's jurisdiction whether complaints in such actions successfully plead class suits." Id. at 912–913.

Although the Harris case was decided prior to the amendment of Rule 23, there seems to be no logical justification for a different conclusion under the new rule. It would therefore seem that the most this court could do would be to dismiss the complaint for failure to comply with Rule 23 only insofar as it seeks relief on behalf of the class. Harris v. Palm Springs Alpine Estates, supra at 913. This court must then of necessity consider the merits of Vivien Zeigler's claim alone. Moreover, she could very well thereafter amend her complaint to comply with Rule 23. The Eighth Circuit has explicitly stated that " * * * any deficiency in respect to pleading a class action is subject to correction by amendment." Warner v. First National Bank of Minneapolis, 236 F.2d 853, 858 (8th Cir. 1956). It is with this in mind that this court, ad-

mittedly with a liberal view, examines the merits of plaintiff's motion.

The only subdivisions of Rule 23(a) which at this point merit serious consideration are 23(a) (2) and 23(a) (4). Counsel for the defendant must certainly concede the fulfillment of 23(a) (1) and 23(a) (3), especially since no apparent question has been raised as to either in his brief. It seems important to note that no evidence has been heard nor has any discovery procedure been utilized which would aid this court in its determination. Amended Rule 23, or more particularly 23(c) (1), necessarily imposes a very difficult burden upon any United States district court for that very reason. This burden, however, is ameliorated, somewhat, by the fact that an order pursuant to 23(c) (1) may be conditional and may be altered or amended at any time prior to a decision on the merits. Fed.R.Civ.Proc. 23(c) (1).

■ In Kronenberg v. Hotel Governor Clinton, Inc., 41 F.R.D. 42, 44 (1966), it was stated that "(t)he relevant test, however, must be whether the complaint in *this* action sufficiently states a claim cognizable as a class action." With this assertion, this court is inclined to agree. Certainly there are questions of law and fact common to the class, and at this juncture it cannot arbitrarily be said that such common questions do not predominate over questions affecting only individual members. See Fed.R.Civ.Proc. 23(a) (2) and 23(b) (3). Defendant contends that there may be variations in the representations made or differences in the kinds or degrees of reliance by the minority stockholders. Such allegations, however, are matters of complete speculation. If this court were to deny plaintiff's motion for that reason alone, it may very well be defeating the primary purpose for which Rule 23 was enacted, for it would seem just

making appropriate final injunctive relief or corresponding declaratory relief

with respect to the class as a whole; * * *.

as conceivable that it later be deduced that the representations made and the kinds and degrees of reliance thereon were, for all intents and purposes, essentially synonymous. If, however, it be found that the representations and reliances thereon be so varied as to make it impracticable to proceed further, this court can enter an order requiring that the "pleadings be amended to eliminate therefrom allegations as to representation of absent persons" and direct that any further proceedings be on "behalf of the named plaintiffs alone." Fed.R.Civ. Proc. 23(d) (4). Kronenberg v. Hotel Governor Clinton, Inc., supra.

■■ Nor does defendant's contention concerning the statute of limitations influence the court's decision at this time. Defendant asserts that inasmuch as the complaint in this action was filed on the 29th of June, 1967, all those stockholders who discovered the fraud prior to the 29th of June, 1966, are barred by the statute of limitations. This knowledge, if any, will present questions of fact not common to the class. The statute of limitations, however, is an affirmative defense. Rule 23 was not designed to encourage such conjecture. If this court should later find that certain of the complaining stockholders are, in fact, barred by the statute of limitations, it can simply enter an order finding that such persons are not "members of the class." Fed.R.Civ.Proc. 23(c) (3).

This court also feels that a class action is "superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.Proc. 23 (b) (3). This requirement was commented on by the Advisory Committee on Amended Rule 23 as follows:

"In this connection the court should inform itself of any litigation actually pending by or against the individuals. The interest of individuals in conducting separate lawsuits may be so strong as to call for a denial of a class action. On the other hand, these interests may be theoretic rather than practical: the class may have a high degree of cohesion and prosecution of the action through representatives would be quite unobjectionable, or the amounts at stake for individuals may be so small that separate suits would be impracticable. The burden that separate suits would impose on the party opposing the class, or upon the court calendars, may also fairly be considered." 39 F.R.D. 69, 104.

This court knows of no other litigation pending regarding the issues raised in the pleadings, and there is therefore nothing which would indicate an interest by any of the individual members in controlling their own litigation. It seems reasonable to assume that some of the claims would be so insignificant in and of themselves to make it impracticable for separate suits to be conducted. On the other hand, others would presumably be of sufficient substance to warrant such procedure. Then too, it is not to be forgotten that it is not always necessarily the size of the claim that causes one to seek redress in the courts of this country. Assuming, arguendo, the filing of numerous such suits, it would be idle for this court to pretend that a substantial burden would not be placed on an already otherwise crowded court calendar.

This court is mindful of another problem, and that is the burden which could conceivably be placed upon the individual claimants should the suits be prosecuted separately. As stated in the case of Weeks v. Bareco, 125 F.2d 84, 90 (7th Cir. 1941):

"To permit the defendants to contest liability with each claimant in a single, separate suit, would, in many cases give defendants an advantage which would be almost equivalent to closing the door of justice to all small claimants. That is what we think the class suit practice was to prevent."

No pretense is made of indicating that any class action is not without inherent management problems. Suffice it to say

that this court is fairly convinced that the class action procedure is superior at this time. Any doubt, not otherwise apparent, may be resolved at a later date. Fed.R.Civ.Proc. 23(c) (1). The order of this court will provide accordingly.

■ The defendant finally contends that there has been no showing that this plaintiff will "fairly and adequately protect the interests of the class." Admittedly, this question has caused the court some concern. As indicated earlier, the plaintiff was the owner of two shares of stock as opposed to some 4700 shares that were allegedly fraudulently purchased from approximately 1,000 minority shareholders. Either of these two factors, be it the number of plaintiffs in relation to the number of claimants or the interest of the plaintiff in relation to the interest of the group, raises some question in this court's judgment as to whether she can adequately represent the interests of the class. See Eisen v. Carlisle & Jacquelin, 41 F.R.D. 147 (D.C.1966). In this regard, however, the language of Harris v. Palm Springs Alpine Estates, supra, is of particular import:

"Adequacy of representation is a question of fact, to be raised and resolved in the trial court in the usual manner * * * and assertions in defendants' brief in this court are ineffectual to make a factual issue on plaintiffs' allegations of ability to protect the interests of the class, much less to disprove them." Id., 329 F.2d at 914.

It is conceded that this case has its distinguishing characteristics. It was decided under the old rule and involved the "spurious" type of class action which, among other things, meant that the members of the class were not bound by the judgment unless they were parties to the action, originally or by intervention.

See York v. Guaranty Trust Co. of New York, 143 F.2d 503 (2d Cir. 1944). Then, too, under the old rule the court was not required to make such an early determination as to the merits of the class action procedure. But this court is of the opinion that it cannot justifiably say outright that the plaintiff will not adequately protect the interests of the class. It would seem that on the face of the complaint she has sustained the initial burden. The Second Circuit, in a case cited by defendant, stated that "(a) stricter rule as to the adequacy of representation ought to obtain where the judgment is held binding on members of a class who do not intervene." Oppenheimer v. F. J. Young & Co., 144 F.2d 387, 390 (2 Cir. 1944). To this statement there could well be added: "and who have received no notice of the proceedings." Amended Rule 23 has not neglected the interests of the non-participant. If, after having received notice pursuant to 23(c) (2), a member of the class is not satisfied with his representation, he may request exclusion from the class and this court's notice will so inform each member of such right. Fed.R.Civ.Proc. 23(c) (2) (A). Moreover, if, at a later date, sufficient doubt is raised as to the adequacy of representation, this court is empowered to act accordingly. Fed.R.Civ.Proc. 23(d) (2) and 23(c) (1).

The motion that this suit be allowed to proceed as a class action is hereby granted conditionally. Fed.R.Civ.Proc. 23(c) (1). Counsel for the plaintiff is directed to file with this court a list of the names and addresses of the members of the class and a proposal to be approved by this court as to the manner in which notice is to be perfected, consonant with Amended Rule 23 and this opinion.