David COHEN et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA NATIONAL BANK et al., Defendants.

Civ. A. No. 2110–69.

United States District Court, District of Columbia.

Oct. 18, 1972.

Gladys Kessler, Washington, D. C., for plaintiffs.

Hugh B. Cox, Washington, D. C., for defendants.

## MEMORANDUM—ORDER

GASCH, District Judge.

Plaintiffs have brought this suit on behalf of themselves and a purported class of others similarly situated against several banks in the District of Columbia for alleged violations of the usury laws, the National Banking Act and the antitrust laws of the United States. Specifically, plaintiffs contend in count 2 of their complaint that the defendant banks have obtained interest in excess of 8 percent per annum on their unsecured installment loans by the use of an improper computational method for determining the interest rate and by the imposition of certain charges for the purpose of evading the usury statute. Count 1 alleges that the defendants have violated the antitrust laws by conspiring in restraint of trade to adopt and utilize practices which result in the exacting of money in excess of the statutory limits.

In the Memorandum-Order of June 30, 1971, this Court granted plaintiffs' motion for separate trials on the substantive issues of usury and conspiracy and ordered that the usury count be given priority of trial. The Court remains convinced that the interests of justice and judicial administration require, as nearly as possible, the separate treatment of the two questions raised herein. Therefore, the following rulings only apply to the usury issue in the case. In an effort to advance this litigation from what is approaching a procedural maze to a fair disposition of the substantive issues, the Court now turns to a resolution of the following motions.

### I. Motion to Join Additional Party Defendants.

Plaintiffs move this Court, pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure, for an order permitting them to add as a defendant each of the eleven District of Columbia banks not named in the complaint. Although the motion is brought under Rule 21, the

provisions which apply for determining the propriety of adding parties are those in Rule 20(a). That Rule reads in part: "All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

 The motion for joinder of the eleven banks for the purpose of the usury issue is improper for the simple reason that under Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure, relating to the joinder of claims and parties, the plaintiffs may not join a defendant for the purpose of asserting a claim which is not the claim of any of the named plaintiffs. Since the plaintiffs have not borrowed from any of the banks which they seek to join, they are unable to assert a "right to relief" that is essential under Rule 20(a).

Furthermore, the plaintiffs have failed to establish that their claims against the existing and proposed defendant banks constitute "the same transaction, occurrence, or series of transactions or occurrences" as required by Rule 20(a). Although there has been very little discussion in the cases on the precise meaning of this terminology in Rule 20(a), one court has suggested that the approach must be generally "whether there are enough ultimate factual concurrences that it would be fair to the parties to require them to defend jointly against them,"[1] bearing in mind the convenience of the Court. Following this sensible approach and after reviewing the pleadings, memoranda, and affidavits in this case, the Court finds that the "transactions or occurrences" test has not been met. See Kenvin v. Newburger, Loeb & Company, 37 F.R.D. 473

(S.D.N.Y.1965). The substantial variations in loan policies and practices from bank to bank do not permit the addition of the eleven defendant banks under Rule 20(a). The diversity among the banks as to the period and terms of repayment, the rates and methods of computing interest, the size of loans, the volume of business, the requirements for life insurance, the imposition of credit investigation and other fees, precludes a finding that the plaintiffs' claims arise out of the same transaction or occurrence or series of transactions or occurrences. Furthermore, these procedural differences among the various banking institutions would undoubtedly prove fatal to the plaintiffs' contention that joinder is proper because there are "questions of law or fact common to all parties"; however, it is unnecessary to reach this determination since the motion to join additional defendants for the usury trial is denied for the reasons previously mentioned.

## II. *Motion to Join Additional Party Plaintiffs and Defendants.*

Plaintiffs move this Court, pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure, for an order permitting them to make Judy Wolf, Roger Wolf, Judith Carr, and Robert Carr parties plaintiff and to make American Security and Trust Company and First National Bank of Washington parties defendant in this case. American Security and Trust Company has filed a lengthy memorandum in opposition to plaintiffs' motion raising several questions concerning primarily the jurisdictional problems inherent in this motion. However, based upon the initial course this litigation will follow and the need for further study of the points involved, the Court will defer ruling on the motion to join additional party plaintiffs and defendants.

---

1. Eastern Fireproofing Co., Inc. v. U. S. Gypsum Co., 160 F.Supp. 580, 581 (D.Mass.1958).

III. *Motion for a Separate Trial for Each Defendant on the Usury Issue.*

The defendants move this Court, pursuant to Rules 20(b) and 42(b) of the Federal Rules of Civil Procedure, for an order directing that each defendant bank be given a separate trial on the usury claims asserted against it.

Rule 42(b) provides:

"Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States."

 Courts have consistently held that the trial judge has broad discretion to order separate trials to prevent prejudice and to expedite a fair decision on the merits of a case. See cases collected in 2B Barron & Holtzoff, Federal Practice and Procedure, Sec. 943 n. 5 (Wright Ed. 1961). It has already been shown that there are significant differences in the practices and policies of the defendant banks in making the loans here in issue. Each bank is entitled to defend against the complaints of its own borrowers and to have its defense determined on the facts that are specifically relevant to its own activities. This Court seeks to avoid the difficulties and complications that would inevitably arise in an omnibus trial in which several counsel representing numerous parties would attempt to define and preserve the distinctions between evidence and issues relating to some defendant banks and not to others. A separate trial for each bank, for wholly pragmatic reasons, will be a more orderly and efficient way of handling this litigation. Indeed, a separate trial of the usury claim against an individual bank will simplify the issues to be resolved in the remaining cases and may promote the disposition of those cases by compromise or dismissal. Therefore, the Court grants the motion for separate trial of the defendant banks on the usury issue, and orders that the first trial proceed with the first-named defendant, the District of Columbia National Bank, as the defendant.

IV. *Motion for Certification of the Class.*

Plaintiffs seek certification, for purposes of all issues in this litigation, of a class comprising all borrowers holding unsecured installment loans, from whom the defendant banks have required payment of money in excess of 8 percent per annum. However, since the Court has already decided to afford priority of trial to the usury issue, there is no need to deal at this time with class action questions relating to the antitrust issue.

 For a suit to be properly maintainable as a class action, it must first satisfy all the prerequisites of Rule 23(a) which provides that:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Since the potential complainants of the purported class might number in the hundreds, it cannot be seriously contended that joinder under the circumstances is a feasible alternative. See Hansberry v. Lee, 311 U.S. 32, 41, 61 S.Ct. 115, 85

L.Ed. 22 (1940); Thomas v. Clarke, 54 F.R.D. 245, 249–50 (D.Minn.1971). However, the requirements of Rule 23(a)(2), that there exist questions of law or fact common to the class, is not susceptible to such a simple disposition. Plaintiffs state that the overriding question which pervades the case is whether the defendant banks have "exacted money, under whatever pretenses or name or by whatever method or formula, which is in excess of 8 percent per annum." [2] In rebuttal, the defendants assert that no class action can be maintained because there are important issues of law and fact that must be examined on a bank-by-bank basis. In addition, the defendants argue that each loan is a highly personalized transaction, tailored to the unique needs and financial circumstances of each individual borrower.

The Court is unable to adopt the extreme positions of either plaintiffs or defendants, but rather finds itself in partial agreement with both sides. In other words, there does exist a certain group of people which share the necessary degree of "commonality" that would allow the Court to affix the label "class," namely, all members who, because of the computational method used and the various charges imposed, have been allegedly required to pay money in excess of the statutory limit of 8 percent per annum on the loans which they have transacted with a *particular* bank. Any attempt to encircle every borrower that has dealt with all the defendant banks would ignore the significant policies and procedural differences between the banks outlined earlier in this opinion. With the class limited to only those persons who have obtained an unsecured installment loan from a single bank, the Court is satisfied that the Rule 23(a)(2) test of "commonality" has been met. See Eisen v. Carlisle & Jac-

quelin, 391 F.2d 555 (2d Cir. 1968); Thomas v. Clarke, 54 F.R.D. 245 (D. Minn.1971).

◼ The third prerequisite of Rule 23(a), that the claims of the representative parties be typical of the claims of the putative class, is satisfied when there is a lack of adversity between the representatives and the absentees. Minnesota v. U. S. Steel Corp., 44 F.R.D. 559, 566–567 (D.Minn.1968); Cannon v. Texas Gulf Sulphur Co., 47 F.R.D. 60, 63 (S.D.N.Y.1969). The Court can detect no conflict of interest or antagonism between the named plaintiffs David and Carla Cohen, who executed a loan with the defendant District of Columbia National Bank, and the class of other borrowers from that bank. Each member of the class seeks to establish that the method of computations and the exaction of additional charges produced an interest rate on his unsecured installment loan in excess of the permissible 8 percent per annum.

◼ Finally, Rule 23(a)(4) demands that the representatives of the class fairly and adequately protect the interests of all the members of the class. Several courts have suggested that the adequacy of representation test is comprised of two elements: (1) that the interests of the named plaintiffs coincide with the members of the class, and (2) that the representative parties "put up a real fight." Dolgow v. Anderson, 43 F. R.D. 472, 494 (E.D.N.Y.1968); *accord* Mersay v. First Republic Corp. of America, 43 F.R.D. 465, 469 (S.D.N.Y.1968). It has already been demonstrated that the borrowers from the District of Columbia National Bank share common issues and interests. Concerning the second requirement, the Court is satisfied that counsel for plaintiffs are "quali-

---

2. Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Certification of the Class, and in Opposition to Defendants' Motion Against Certification of the Class, at 9.

fied, experienced, and generally able to conduct the proposed litigation." [3]

In addition to meeting the prerequisites of Rule 23(a), an action may be maintained as a class action only if it falls under one of the subsections of Rule 23(b). Subsection (b)(3) provides that an action satisfying Rule 23(a) may be maintained as a class action if

> "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Those questions which have already been shown to be common to the usury claim are also predominant because they constitute the central substantive issues in this case. Defendants assert, however, that several individual questions predominate over common ones: (1) the need for ascertaining damages for each member of the class; (2) statute of limitations problems will have to be resolved on an individual basis; and (3) conflict-of-laws questions raise issues which necessitate separate consideration of every loan transaction.

It is fairly well settled that the need for determining the damages due each member of the plaintiff class after liability has been found should not impair the maintainability of a suit as a class action. Dolgow v. Anderson, 43 F.R.D. 472, 490 (E.D.N.Y.1968); Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 566 (2d Cir. 1968); Kronenberg v. Hotel Governor Clinton, Inc., 41 F.R.D. 42, 45 (S.D.N.Y.1966). The statute of limitations argument does not prevent certification of the class, because if the Court should later find that certain borrowers are barred by the statute of limitations, it can enter an appropriate order stating that those persons are not members of the class. Fed.R.Civ.P. 23(c)(3); Zeigler v. Gibralter Life Ins. Co. of America, 43 F.R.D. 169, 173 (D.S.D.1967). Lastly, the applicable law in the District of Columbia seems to indicate that this litigation would not create a serious conflict-of-laws problem. Nevertheless, if necessary, the Court is empowered to treat nonresident borrowers of the District of Columbia National Bank as a subclass and have their claims litigated separately. In any event, courts have generally acknowledged that "[t]he common issues need not be dispositive of the entire litigation. The fact that questions peculiar to each individual member of the class may remain after the common questions have been resolved does not dictate the conclusion that a class action is not permissible." Dolgow v. Anderson, 43 F.R.D. 472, 490 (S.D.N.Y. 1968). Although some minor individual questions may exist, they do not preponderate over the fundamental legal issue whether the borrowers of the bank were forced to pay money in excess of the 8 percent limit.

The class action is obviously a superior method of adjudicating a case where a large number of borrowers with singularly small claims seek relief from alleged violations of the usury laws but where no one person is damaged to the degree which warrants an individual lawsuit against the bank. Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 560 (2d Cir. 1968); Escott v. Barchris Construction Corp., 340 F.2d 731, 733 (2d Cir. 1965). The instant case exemplifies the underlying purpose of Rule 23, which is to open a path to the courthouse that would otherwise be closed to hundreds of people who seek redress for statutory violations. Green v. Wolf Corp., 406 F.2d 291, 296-97 (2d Cir.), cert. denied, 395 U.S. 977, 89 S.Ct. 2131; 23 L.Ed.2d 766 (1969).

It cannot be denied that unanticipated developments and the management of

---

3. Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 562 (2d Cir. 1968); *see also* Contract Buyers League v. F & F Investment, 48 F.R.D. 7, 10 (N.D.Ill.1969).

this class action may place an onerous and even unbearable burden on this Court. Therefore, the Court expressly reserves the right to invoke the discretionary powers embodied in subsection (d) and the administrative controls contained in subsection (c) of Rule 23. Epstein v. Weiss, 50 F.R.D. 387, 395 (E.D. La.1970).

Since the class has been certified under Rule 23(b)(3), the Court must "direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed.R.Civ. P. 23(c)(2). The cases are uncertain as to what constitutes adequate notice, but it seems apparent that the "reasonable effort" standard of Rule 23(c)(2) has been interpreted to encompass individual notice, publication in newspapers, or a combination of both. Contract Buyers League v. F & F Investment, 48 F.R.D. 7, 15 (N.D.Ill.1969); Dolgow v. Anderson, 43 F.R.D. 472, 497–501 (S.D.N.Y. 1968). The Court will defer its ruling on the form and manner of giving notice, those who are to receive notice, and the allocation of the cost of notice, until briefs have been submitted by the parties and the question has been set for a hearing.

Wherefore, it is by the Court this 18th day of October, 1972,

Ordered that plaintiffs' motion to join additional party defendants be and the same is hereby denied; and it is further

Ordered that plaintiffs' motion to join additional party plaintiffs and defendants be held in abeyance; and it is further

Ordered that defendants' motion for a separate trial for each defendant on the usury issue be and the same is hereby granted; and it is further

Ordered that the plaintiffs' motion for certification of the class be and the same is hereby granted to the extent outlined in this Memorandum Opinion.