23 Cal.Rptr. 771, 373 P.2d 859]

[L. A. No. 26757.   In Bank.   Aug. 2, 1962.]

MARVIN B. HINK et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; MARY A. FORD et al., Real Parties in Interest.

C. Douglas Wikle, Walter Atkinson, W. Alan Thody and Dell L. Falls for Petitioners.

Harold W. Kennedy, County Counsel (Los Angeles), and Donald K. Byrne, Deputy County Counsel, for Respondent.

Cooper & Boller, Harvey G. Cooper and David B. Boller for Real Parties in Interest.

WHITE, J.—This is a petition for writs of prohibition and mandate by interveners Marvin B. Hink and Aldena Lauten, upon facts and following proceedings in respondent court similar to those in *Chance* v. *Superior Court*, this day decided, *ante*, p. 275 [23 Cal.Rptr. 761, 373 P.2d 849]. It has been stipulated that *Chance* and *Hink* may be determined together as companion cases. Plaintiffs and real parties in interest are Mary A. Ford and other individuals situated similarly to the plaintiffs and real parties in the *Chance* case. Real parties in interest have demurred as well as filed extensive material in answer to the instant petition. Alternative writs of prohibition and mandate were issued, following the trial court's determination that a class foreclosure action was permissible herein. The stipulations referred to in the companion case apply equally to the instant case.

The class foreclosure suit in the proceeding at bar involves the Bell Canyon Ranchos tract, upon which 302 identical deeds of trust securing notes were issued, each with a face value of $4,000. The total face amount of the trust deeds involved is thus $1,208,000 upon a total area stated to contain 64 acres. This tract also contains an unencumbered portion of land (indicated to be 113 acres), and the notes and trust deeds appear to have been created in transactions similar to those which

allegedly transpired in the *Chance* case. The principal difference between the Bell Canyon Ranchos tract and the Newhall tract, involved in *Chance,* is that the instant trust deeds are upon lots which were divided according to a tentative map admittedly never approved in final form by proper authorities, for subdivision purposes.

The notes instantly involved were purchased between April 5, 1960, and June 7, 1960, and are in default. An action has also been filed in the federal court by the petitioners herein and approximately 100 of the other instantly involved investors in Bell Canyon Ranchos, against numerous defendants corresponding to those defendants in the basic action in *Chance.* The causes of action pleaded in the federal court are for rescission, recovery under section 12 of the Securities Act of 1933, and for recovery under California securities statutes.

Because of the tentative status of the instant "lot" boundaries, the case now engaging our attention contains an even stronger factual basis for allowance of a representative or class foreclosure action than was present in *Chance.* Individual ownership of purportedly separate parcels tends to blend herein into the mass of the entire parcel securing the 302 trust deed notes.

For the reasons stated in *Chance* v. *Superior Court,* this day decided, *ante,* p. 275 [23 Cal.Rptr. 761, 373 P.2d 849], and upon the authority thereof, the demurrer herein is sustained; the alternative writs of mandate and prohibition heretofore issued are discharged and the petition for the peremptory writs of mandate and prohibition is denied.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., and Peters, J., concurred.