William HARRIS et al., Appellants,

v.

PALM SPRINGS ALPINE ESTATES, INC., et al., Appellees.

Nos. 18578–18619.

United States Court of Appeals
Ninth Circuit.

March 26, 1964.

gage Exchange. Details of the scheme are described in SEC v. Los Angeles Trust Deed & Mortgage Exch., 186 F. Supp. 830 (S.D.Cal.1960).[2]

One of the actions is against the Los Angeles Trust Deed and Mortgage Exchange and its officers alone. A second is against the Exchange and its officers plus forty groups of real estate subdividers. Both of these actions relate to the "Secured 10% Earnings Program" as a single, integral concert of action. Each of the remaining actions is against the Exchange and its officers and a particular group of subdividers who allegedly participated in a separable conspiracy within the general concert of action with respect to the sale of trust deed notes secured by land in a particular subdivision.

The two general complaints are brought by over two thousand named plaintiffs on behalf of themselves and some six thousand other investors in the "Secured 10% Earnings Program." Each of the other forty complaints is brought by those of the two thousand named investors whose trust deed notes were secured by land in the subdivisions of the group of subdividers named as defendants, on behalf of themselves and those of the other six thousand investors whose notes were similarly secured.

Cooper & Boller, C. Douglas Wikle, W. Alan Thody, Walter Atkinson, Dell L. Falls, Lancaster, Cal., for appellant.

Musick, Peeler & Garrett, Bruce E. Clark, and Richard D. Dear, Los Angeles, Cal., for appellee.

Before HAMLIN, BROWNING and DUNIWAY, Circuit Judges.

BROWNING, Circuit Judge.

These appeals were taken from judgments of the district court dismissing forty-two class actions "for lack of jurisdiction, without leave to amend."[1] We reverse.

The actions were brought by investors in the "Secured 10% Earnings Program" of the Los Angeles Trust Deed and Mort-

The first count in each of the forty-two complaints purports to state a claim under Section 17(a) of the Securities Act of 1933 (48 Stat. 84, as amended, 15 U.S.C.A. § 77q(a)) and Section 10(b) of the Securities Exchange Act of 1934 (48 Stat. 891, 15 U.S.C.A. § 78j(b)) and Rule X–10B–5 of the Securities and Exchange Commission (17 C.F.R. § 240.-10b–5 (1949)). It is alleged that, by use of the mails and other instrumentalities of interstate commerce, the defendants conspired to and did sell to plaintiffs

1. After submission one action was remanded to the district court for hearing on petition to compromise and settle.

2. See also Farrell v. United States, 321 F.2d 409 (9th Cir. 1963) ; Los Angeles Trust Deed & Mortgage Exch. v. SEC, 285 F.2d 162 (9th Cir. 1960) ; Los Angeles Trust Deed & Mortgage Exch. v. SEC, 264 F.2d 199 (9th Cir. 1959) ; Chance v. Superior Court, 58 Cal.2d 275, 23 Cal. Rptr. 761, 373 P.2d 849 (1962) ; Hink v. Superior Court, 58 Cal.2d 921, 23 Cal.Rptr. 771, 373 P.2d 859 (1962).

by means of false statements and material omissions trust deed notes secured by land in certain subdivisions. Plaintiffs seek to recover the difference between the reasonable value of the securities and the amounts which they paid for them.

The second count of each complaint alleges that the securities were not registered, asserts a violation of Section 5(a) of the Securities Act of 1933 (48 Stat. 77, as amended, 15 U.S.C.A. § 77e(a)), and seeks rescission pursuant to Section 12 of that Act (48 Stat. 84, as amended, 15 U.S.C.A. § 77l). The third count alleges that defendants were not registered as brokers and dealers in securities, asserts a violation of Section 15(b) of the Securities Exchange Act of 1934 (48 Stat. 895, as amended, 15 U.S.C.A. § 78o(b)), and seeks rescission, or damages if rescission is impossible. Each of the forty-two complaints contains additional counts alleging violations of state statutory or common law, assertedly within the "pendent" jurisdiction of the district court.

## I

■ Jurisdiction over suits based upon claimed violations of the Securities Act of 1933 and the Securities Exchange Act of 1934 is expressly conferred upon United States district courts by Section 22(a) of the 1933 Act (48 Stat. 86, as amended, 15 U.S.C.A. § 77v(a)) and Section 27 of the 1934 Act (48 Stat. 902, as amended, 15 U.S.C.A. § 78aa). Since the first three counts of each of the forty-two complaints asserts such claims, and it is not contended that these claims are "immaterial and made solely for the pur-

pose of obtaining jurisdiction or * * * wholly insubstantial and frivolous," dismissal of the actions for want of jurisdiction was error. Bell v. Hood, 327 U.S. 678, 682–683, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).[3]

■ The reasons for dismissal recited in the judgment ("that these actions belong in the State Courts and are not class actions brought by the Plaintiffs to recover for a common fund * * * ")[4] are not matters which would impair the jurisdiction of the district court.

■■ It is the general rule, as this court has recently said, "that when a federal court is presented with a case of which it has cognizance it may not turn the matter over for adjudication to the state court." Mach-Tronics, Inc. v. Zirpoli, 316 F.2d 820, 824 (9th Cir. 1963). This is true even though wholly adequate remedies are available in the state courts. Matheson v. Armbrust, 284 F.2d 670, 673 (9th Cir. 1960). Cf. Marshall v. Sawyer, 301 F.2d 639, 646 (9th Cir. 1962), and cases cited. There are, of course, exceptional situations in which a federal court may abstain from the exercise of its jurisdiction pending an adjudication in a state court (see, e. g., Mach-Tronics, supra, 316 F.2d at 824–827, and cases cited; Wright on Federal Courts 169–177 (1963)), but nothing has been suggested by either the district court or the appellees which would justify such action in the present cases.

■ Similarly, if the complaints did not properly allege class actions under Rule 23, Federal Rules of Civil Procedure, the jurisdiction of the district court would not be affected. Rule 23 is

---

3. Montana-Dakota Util. Co. v. Northwestern Pub. Serv. Co., 341 U.S. 246, 249, 71 S.Ct. 692, 95 L.Ed. 912 (1951); Harmon v. Superior Court, 307 F.2d 796, 798 (9th Cir. 1962); Addison v. Grand Lodge of Int'l Ass'n of Machinists, 300 F.2d 863, 868 (9th Cir. 1962); Dann v. Studebaker-Packard Corp., 288 F.2d 201, 206 (6th Cir. 1961).

4. The judgment reads:
JUDGMENT OF DISMISSAL
These causes having been placed on the calendar on the Court's own motion to

dismiss for lack of jurisdiction, and counsel having argued same, The Court is of the view that these actions belong in the State Courts and are not class actions brought by the Plaintiffs to recover for a common fund, and therefore IT IS ORDERED that all these cases enumerated above be, and are hereby dismissed for lack of jurisdiction, without leave to amend.

a rule of procedure, not a limitation upon jurisdiction. Where a statute confers jurisdiction upon United States district courts over particular actions without regard to the amount in controversy or the citizenship of the parties, as in the present cases (15 U.S.C.A. § 77v(a); 15 U.S.C.A. § 78aa; Wilko v. Swan, 346 U.S. 427, 431, 74 S.Ct. 182, 98 L.Ed. 168, (1953); Deckert v. Independence Shares Corp., 311 U.S. 282, 289–290, 61 S.Ct. 229, 85 L.Ed. 189 (1940)), it is irrelevant to the district court's jurisdiction whether compaints in such actions successfully plead class suits.

 At most, failure to comply with Rule 23 would render the complaints subject to dismissal without prejudice in so far as they sought relief on behalf of the class. And since "any deficiency in respect to pleading a class action is subject to correction by amendment" (Warner v. First Nat. Bank, 236 F.2d 853, 858 (8th Cir. 1956)", plaintiffs might thereafter, by supplementing their pleading, satisfy the requirements of Rule 23. Or plaintiffs might proceed under Rule 20 solely on their own behalf. See Cox v. Hutcheson, 204 F.Supp. 442, 447 (S.D. Ind.1962); Hess v. Anderson, Clayton & Co., 20 F.R.D. 466, 482, 484 (S.D.Cal. 1957). And even if there were no basis for permissive joinder, Rule 21 expressly provides that "misjoinder of parties is not ground for dismissal of an action."

## II

We do not mean to intimate that the present complaints might fail as. class actions.

Class actions under Rule 23(a) (3) have "proved useful where a large number of purchasers or holders of securities claim to have been defrauded by a common course of dealing on the part of the defendants," (3 Moore's Federal Practice ¶ 23.10 at 3448 (2d ed. 1963)), and have been frequently utilized in such situations. See particularly Amen v. Black, 234 F.2d 12, 16 (10 Cir. 1956); Zahn v. Transamerica Corp., 162 F.2d 36, 49–50 (3d Cir. 1947); Oppenheimer v. F. J. Young & Co., 144 F.2d 387, 390 (2d Cir. 1944); York v. Guaranty Trust Co., 143 F.2d 503, 528 (2d Cir. 1944), rev'd on other grounds, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); Independence Shares Corp. v. Deckert, 108 F.2d 51, 55 (3d Cir. 1939), aff'd as to this ground, rev'd on others, 311 U.S. 282, 287, 61 S.Ct. 229, 85 L.Ed. 189 (1940).[5] Indeed, it has been suggested that "the ultimate effectiveness of the federal remedies" in this area "may depend in large measure on the applicability of the class action device," and particularly of the "spurious" class action provided by Rule 23(a) (3). 3 Loss, Securities Regulation 1819–20 (2d ed. 1961).

 We think the allegations of these complaints, on their face, satisfy the requirements of Rule 23(a) (3).[6]

 The classes involved are self-evidently large. It seems unlikely that defendants can successfully controvert plaintiffs' allegation that the expense and burden, to the parties and the court, of litigating each claim separately renders that course impractical, especially since " 'impracticability' does not mean 'impos-

---

5. "If Gilbert v. Clark, D.Mass., 13 F.R.D. 498, 499, be construed as reaching a different conclusion, it is contrary to the weight of authority * * *." Cherner v. Transitron Electronic Corp., 201. F. Supp. 934, 935 (D.Mass.1962). The same may be said of Speed v. Transamerica Corp., 5 F.R.D. 56 (D.Del.1945), and Johnson v. Beneficial Loan Soc'y, 34 F. Supp. 392 (D.Del.1940). See generally Comment, 51 Calif.L.Rev. 939, 944–954 (1963).

6. "Rule 23. Class Actions
 "(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or . against the class is
 ᛭ * * * *
 "(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

sibility,' but only the difficulty or inconvenience of joining all members of the class." Advertising Specialty Nat. Ass'n v. FTC, 238 F.2d 108, 119 (1st Cir. 1956).

Plaintiffs allege that they "fairly insure adequate representation of the entire class of persons and investors," and this general allegation is supported by detailed averments indicating that plaintiffs comprise an adequate proportion of a class having common and consistent interests. No investor, it is alleged, is unfavorable to maintenance of the actions. See 3 Moore's Federal Practice ¶ 23.07 at 3425 (2d ed. 1963).

 One of the groups of subdivider defendants has asserted in a brief filed in this court that after these suits were filed many of the investors reconveyed their trust deeds to the defendants and thus "affirmatively indicated that they are not interested in being included in or part of the law suit." Plaintiffs in a reply brief stated that the reconveyances were obtained by fraud. Adequacy of representation is a question of fact, to be raised and resolved in the trial court in the usual manner (Warner v. First Nat. Bank, 236 F.2d 853, 858 (8th Cir. 1956); Weeks v. Bareco Oil Co., 125 F.2d 84, 93–94 (7th Cir. 1941)), and assertions in defendants' brief in this court are ineffectual to make a factual issue on plaintiffs' allegations of ability to protect the interests of the class, much less to disprove them.

 The complaints sufficiently allege the presence of the "common question of law or fact affecting the several rights" of the investors, required by Rule 23(a) (3). General allegations of the presence of such questions are amply supported by the detailed averments of each complaint. The first three counts of each complaint allege a concert of ac-

tion directed against all of the investors alike. "All or substantially all" of certain misrepresentations, detailed in the complaint, are alleged to have been made "by means of advertisements, brochures and prospectuses to each and all of the plaintiffs and investors." Concealment and omission of the same material facts are alleged as "to each of the investors." "Each of plaintiffs and the other investors" is alleged to have reasonably relied upon the misrepresentations, and to have been misled by the concealment of facts. The additional circumstances relied upon in counts 2 and 3 are alleged to apply to all investors in the "Secured 10% Earnings Program." The concerted conduct of defendants is alleged to violate the same provisions of the securities statutes without distinction as among the investors.

 Appellees assert that the various investors made payments on the securities at different times and stand in different positions with respect to the representations made to them and the reasonableness of their reliance, and therefore that questions of fact and law will arise which cannot be common to them all. Again, the argument is based upon factual premises which must be established in the trial court, not here. But even assuming these premises to be true, since the complaint alleges a common course of conduct over the entire period, directed against all investors, generally relied upon, and violating common statutory provisions, it sufficiently appears that the questions common to all investors will be relatively substantial. Rule 23(a) (3) "does not require that all the members of the class be identically situated, if there are substantial questions either of law or fact common to all." 3 Moore's Federal Practice ¶ 23.10 at 3454 (2d ed. 1963).[7] Rule 23(a) (3) is

7. See also Nagler v. Admiral Corp., 248 F. 2d 319, 327, 328 (2d Cir. 1957); Amen v. Black, 234 F.2d 12, 16 (10th Cir. 1956); York v. Guaranty Trust Co., 143 F.2d 503, 528 (2d Cir. 1944), rev'd on other grounds, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); P. W. Husserl, Inc. v. Newman, 25 F.R.D. 264, 266 (S.D.N.Y.1960); State Wholesale Grocers v. Great Atl. & Pac. Tea Co., 24 F.R.D. 510, 511 (N.D. Ill.1959); Shipley v. Pittsburgh & Lake Erie R. R., 70 F.Supp. 870, 873 (W.D. Pa.1947).

based on the assumption that the economy of time, effort, and expense which will result from a common trial of substantial common issues exceeds the additional burden which may be imposed upon the court and the parties by the necessity of also determining in the common litigation those issues which may be several. See McGrath v. Tadayasu Abo, 186 F.2d 766, 774 (9th Cir. 1951).

 Finally, appellees argue that the complaints do not satisfy the requirement of Rule 23(a) (3) that "common relief" be sought, since counts 2 and 3 seek rescission and return of consideration as to those investors who still own the securities, and damages as to those who do not. But in the last analysis, each member of the class seeks a money judgment in the amount required to make him whole.[8]

Since it seems clear that the district court did not reach the issue of the court's pendent jurisdiction over the counts asserting claims under state law, we do not consider that question.

The judgments are reversed.

---

8. Compare Newberg v. American Dryer Corp., 195 F.Supp. 345, 347 (E.D.Pa. 1961), with Zachman v. Erwin, 186 F. Supp. 681, 688–689 (S.D.Tex.1959).