Mina KRONENBERG, Esther Feldman, and Gala Jane Cohen, on behalf of themselves and all other holders of securities of the Hotel Governor Clinton, Inc., similarly situated, Plaintiff,

v.

HOTEL GOVERNOR CLINTON, INC., and Milton Kestenberg, Meyer A. Shatz and Jules Leiblich, Defendants.

No. 66 Civ. 1297.

United States District Court
S. D. New York.

Aug. 16, 1966.

17. Nayer v. Robertshaw-Fulton Controls Co., 195 F.Supp. 704 (D.Mass.1961); see e. g. Hoffman v. Halden, 268 F.2d 280, 304 (9th Cir. 1959).

Fink, Weinberger & Levin, New York City, for plaintiffs; Henry A. Weinstein, Daniel S. Berman, and Sheldon Schwartz, New York City, of counsel.

Rosenman, Colin, Kaye, Petschek & Freund, New York City, for defendant Milton Kestenberg; Gerald Walpin and Joseph Zuckerman, New York City, of counsel.

Milberg & Levy, New York City, for defendant Meyer A. Shatz; Melvyn I. Weiss, New York City, of counsel.

Jac J. Nisonoff, New York City, for defendant Jules Leiblich.

PALMIERI, District Judge.

This is a motion for an order pursuant to Fed.R.Civ.P. 12(b) (6) and 23, dismissing the complaint on the ground that this is not an appropriate case for a class action.

The action is brought by three plaintiffs on their own behalf and on behalf of all other holders of shares, notes, and debentures issued by the Hotel Governor Clinton, Inc. from 1961 to 1964. The complaint alleges two separate causes of action, each pursuant to Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rules 10b–5 and 10b–3 promulgated thereunder. 17 C.F.R. §§ 240.10b–5, 240.10b–3.

The first count alleges that during April through August 1961, the defendants fraudulently induced members of the alleged class to purchase securities issued by the Hotel Governor Clinton, Inc., having a total value of $1,250,000. The second count alleges that between December 1962 and the early part of 1964 the defendants fraudulently induced members of the alleged class to purchase an additional issue of debt securities, having a total value of $250,000. The complaint seeks rescission of all purchases of the securities involved in both counts and the recovery of the varying amounts paid by each member of the alleged class.

The action was commenced in May, 1966. No answers have been filed and no pre-trial discovery has taken place.

Class actions seeking recovery for alleged fraud in securities cases are common. E. g., Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909 (9th Cir. 1964); Cherner v. Transitron Electronic Corp., 201 F.Supp. 934 (D.Mass. 1962). Indeed, in his treatise Professor

Loss has stated: "The ultimate effectiveness of the federal remedies, * * may depend in large measure on the applicability of the class action device." 3 Loss, Securities Regulation 1819 (2d ed. 1961). See also 51 Calif.L.Rev. 939, 944–948 (1963).

The purported difficulty here lies essentially in the defendants' contention that the alleged misrepresentations are too varied to satisfy the requirement of common questions of law and fact. They argue that a class suit would be unwieldy. They also contend that the named plaintiffs do not adequately represent the interests of the alleged class. While numerous other objections are raised, they are not deemed significant.

The problem presented here was well summarized in the Advisory Committee's Note to the newly adopted Rule 23, Fed. R.Civ.P.

> The court is required to find, as a condition of holding that a class action may be maintained under this subdivision, that the questions common to the class predominate over the questions affecting individual members. It is only where this predominance exists that economies can be achieved by means of the class-action device. In this view, a fraud perpetrated on numerous persons by the use of similar misrepresentations may be an appealing situation for a class action, and it may remain so despite the need, if liability is found, for separate determination of the damages suffered by individuals within the class. On the other hand, although having some common core, a fraud case may be unsuited for treatment as a class action if there was material variation in the representations made or in the kinds or degrees of reliance by the persons to whom they were addressed. See Oppenheimer v. F. J. Young & Co., Inc., 144 F.2d 387 (2d Cir. 1944); Miller v. National City Bank of N. Y., 166 F.2d 723 (2d Cir. 1948); * *.

While the basic problem remains essentially the same under the new rule as it did under the old, there have been added to Rule 23 some devices to aid in the management of such an action. See especially subdivisions (c) (1), (c) (2), (c) (4), and (d).

Professor Loss adds the following consideration.

> The propriety of a class action when the alleged misrepresentations were oral is, of course, more doubtful. In Brenner v. Title Guarantee & Trust Co., 276 N.Y. 230, 11 N.E.2d 890 [114 A.L.R. 1010] (1937), a common law deceit action involving securities, the court held that oral misrepresentations which might have varied could not be the subject of a class action.

3 Loss, Securities Regulation (Supp. 1962, at 33).

The defendants have taken great pains to compare the allegations made in the complaint here with those made in the complaints filed in three state court actions involving the same issuances of securities. They try to demonstrate that the alleged false representations and acts of concealment are so diverse as to preclude a finding that common questions affecting the interests of all members of the alleged class will predominate. The relevant test, however, must be whether the complaint in *this* action sufficiently states a claim cognizable as a class action. See Harris v. Palm Springs Alpine Estates, Inc., supra; Joseph v. Farnsworth Radio & Television Corp., 99 F. Supp. 701 (S.D.N.Y.1951), aff'd on opinion below, 198 F.2d 883 (2d Cir. 1952); Oppenheimer v. F. J. Young & Co., 144 F.2d 387 (2d Cir. 1944). Of course, the Court is handicapped somewhat by having to decide "[a]s soon as practicable after the commencement of an action brought as a class action * * *" [1] whether it may be maintained as such. No pre-trial discovery has occurred here and there are only the complaint and

1. Fed.R.Civ.P. 23(c) (1).

papers on this motion to look to for guidance. An important helping factor, however, is found in the second sentence of subdivision (c) (1) of Rule 23: "An order [permitting a class action] under this subdivision may be conditional, and may be altered or amended before the decision on the merits." The Advisory Committee's Note adds: "A determination [that a class action is permissible] once made can be altered or amended before the decision on the merits if, upon fuller development of the facts, the original determination appears unsound."

At this stage of the proceedings, it would appear that there are sufficient common questions of law and fact to permit this action to proceed subject to certain conditions, and it further appears that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. What was said in Harris, supra, applies here:

> * * * [s]ince the complaint alleges a common course of conduct over the entire period, directed against all investors, generally relied upon, and violating common statutory provisions, it sufficiently appears that the questions common to all investors will be relatively substantial.

329 F.2d at 914. For the relevant allegations in the complaint, see paragraphs 8–12 and 16–19 thereof.

■ While there may be different kinds of misrepresentations alleged with respect to different plaintiffs, including some oral misrepresentations, and while such factors might have led to a dismissal of a class action under the old rule, e. g., Speed v. Transamerica Corp., 5 F.R.D. 56 (D.Del.1945); Gilbert v. Clark, 13 F.R.D. 498 (D.Mass.1952),[2] the new Rule 23 provides the flexibility to permit this action to proceed. It may very well develop that the misrepresentations made to the purchasers were in fact very similar, if not identical. If, on the other hand, the facts should reveal in the course of the pre-trial development of the case that the alleged misrepresentations were so varied as to render the action unmanageable (Fed.R.Civ.P. 23(c) (1)), the Court can order that the class allegations be stricken and that the action proceed on behalf of the named plaintiffs alone. Fed.R.Civ.P. 23(c) (1) and 23(d) (4). The order entered should so provide.

■ The defendants' contentions that the proof of reliance and use of the mails must relate to each individual member of the class presents no difficulty not inherent in every securities class action. Furthermore, the defendants admit, as they must, that differing amounts of damages do not render a class action improper. E. g., Weeks v. Bareco, 125 F. 2d 84, 91 (7th Cir. 1941).

■ It would seem desirable to concentrate as much of the litigation in one forum as possible. Furthermore, the fact that other suits have been begun in the state courts and the desire to protect the interests of members of the class in individually controlling[3] the prosecution of separate actions do not militate

2. Both of these cases have been expressly disapproved, even under the old Rule 23. Cherner v. Transitron Electronic Corp., supra 201 F.Supp. at 935; Harris v. Palm Springs Alpine Estates, Inc., supra 329 F.2d at 913 n. 5.

D & A Motors, Inc. v. General Motors Corp., 19 F.R.D. 365 (S.D.N.Y.1956), relied on by the defendants, is distinguishable. There, the complaint raised "* * * a number of different claims, too numerous and too varied to be available to a single class." P. 366. Such is not

the case here. Cf., P. W. Husserl, Inc. v. Newman, 25 F.R.D. 264 (S.D.N.Y. 1960).

In Wittner v. Ghen, 9 F.R.Serv.2d 10b.21–2 (S.D.N.Y.1966), heavily relied on by the defendants, the Court merely ruled that a plaintiff who admittedly had not been injured by a press release could not maintain a class action on behalf of a class which may have been injured by it.

3. Fed.R.Civ.P. 23(b) (3) (A).

against permitting this action to continue as a class action. Rule 23(c) (2) provides that notice shall be given to each alleged member of the class of the action. Here, the order should provide for notice by mail to each security holder. Each member then will have the option of requesting exclusion from the class.

■■ The contention that the class is not adequately defined likewise must fail. The action will be divided into two sub-classes, one for each issue of securities, Fed.R.Civ.P. 23(c) (4), and the order should so provide. The fact that the defendants themselves purchased securities does not destroy the class definition. They simply will be unable, presumably, to prove reliance on any misrepresentations. They are not similarly situated to the other security holders.

■ Finally, there is posed the defendants' second principal contention, i. e., that the plaintiffs do not adequately represent other members of the alleged class. The defendants point out that the three named plaintiffs plus the eleven other members of the class who have submitted affidavits in support of this action, make a total of 14 out of more than 200 members of the class. The 14 purchased a total of over $225,000 out of a total (of both issues) of $1,500,000. Thus, the 14 own 15% of the securities involved. At this juncture, it cannot be said that the named plaintiffs do not adequately represent the class. In any event, the power remains with the Court to insure the adequate representation of the class. Fed.R.Civ.P. 23(c) (2), (c) (1), and (d) (2). See Oppenheimer v. F. J. Young & Co., supra 144 F.2d at 390.

The defendants' motion to dismiss the complaint for failure to state a claim cognizable in a class action is denied. The plaintiffs should submit an order containing provisions consonant with the foregoing.

■ The defendants have moved in the alternative for an order pursuant to Fed.R.Civ.P. 9(b) and 12(e) requiring the plaintiffs to furnish a more definite statement in the complaint. The complaint alleges fraud with sufficient particularity and the motion must be denied. The defendants will be able to develop the facts through pre-trial discovery.

Submit order on notice consonant herewith.