379 F.Supp. 386 (1974)
Cecil LIVESAY and Dorothy Livesay, Plaintiffs,
v.
PUNTA GORDA ISLES, INC., et al., Defendants.
No. 73 C 517(3).
United States District Court, E. D. Missouri, E. D.
July 16, 1974.
Martin M. Green, Anderson, Green, Fortus & Lander, Clayton, Mo., for plaintiffs.
Veryl L. Riddle and Chas. G. Siebert, Bryan, Cave, McPheeters & McRoberts, *387 St. Louis, Mo., for defendant Coopers & Lybrand.
Wm. A. Richter, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo., for all defendants except Coopers & Lybrand.

MEMORANDUM AND ORDER
WANGELIN, District Judge.
This matter is before the Court upon the motion of the defendants Coopers and Lybrand to dismiss Counts I and II as a class action.
The claimed class action status is founded upon the allegations that certain information contained in a Registration Statement and accompanying Prospectus filed by the defendant, Punta Gorda Isles, Inc., with the Securities and Exchange Commission in connection with the registration and offering to the public of $15,000,000 of debentures and 171,570 shares of its common stock, was false and misleading. Plaintiffs seek redress for the misrepresentations against various defendants pursuant to Sections 11, 12(2) and 17(a) of the Securities Act of 1933 and Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.
The salient thrust of defendants' motion to dismiss revolves around the issue of reliance. Defendants contend that each member of the class must establish his own individual reliance as a prerequisite to the maintenance of a claim under 10b-5, that to do so would cause judicial chaos, and that consequently the class action should be dismissed. However, the strength of this contention has been severely limited by a myriad of cases which have practically eliminated the requirement of proving individual reliance in Rule 10b-5 class actions. Affiliated Ute Citizens v. United States, 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972); Mills v. Electric Auto-Lite, 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970); Korn v. Franchard Corp., 456 F.2d 1206 (2nd Cir. 1972); Kahan v. Rosenstiel, 424 F.2d 161 (3rd Cir. 1970), cert. den. sub nom. Glen Alden Corp. v. Kahan, 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1969); Entin v. Barg, 60 F.R.D. 108 (E.D.Pa.1973); Tober v. Charnita, Inc., 58 F.R.D. 74 (M.D.Pa.1973). Cases which hold to the contrary involve situations unlike the instant one, such as where the action is based on oral misrepresentations, Simon v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 482 F.2d 880 (5th Cir. 1973); Morris v. Burchard 51 F.R.D. 530 (S.D.N.Y.1971); Moscarelli v. Stamm, 288 F.Supp. 453 (E.D.N.Y.1968), or where the written misrepresentations vary or emanate from several sources. Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909 (9th Cir. 1964); Frankel v. Wyllie and Thornhill, Inc., 55 F.R.D. 330 (W.D. Va.1972); Dolgow v. Anderson, 43 F.R. D. 472 (E.D.N.Y.1968); Richland v. Cheatham, 272 F.Supp. 148 (S.D.N.Y. 1967). Herein, the materials involved are the written Registration Statement and Prospectus disseminated so as to reach the investors. Such materials do not vary nor do they originate from several sources.
Moreover, as plaintiffs' claims go to a failure to disclose a number of factors in the Registration Statement, then "positive proof of reliance is not a prerequisite to recovery." Rather, "all that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in the making of this decision." Affiliated Ute Citizens v. United States, supra 406 U.S. at 153-154, 92 S.Ct. at 1472. At this time the threshold question of materiality must be answered in the affirmative, that a reasonable investor might have considered certain nondisclosures in the Registration Statement as important in the making of his decision.
Accordingly,
It is hereby ordered that the motion to dismiss be and is denied.