Michael H. **SPECTOR** et al., Plaintiffs,

v.

The **CITY OF NEW YORK** et al., Defendants.

No. 75 Civ. 5461.

United States District Court, S. D. New York.

June 24, 1976.

*See also, Williams v. Sinclair*, 529 F.2d 1383 (9th Cir. 1976); *Ramsey v. Arata*, 406 F.Supp. 435 (N.D.Tex.1975).

W. Bernard Richland, Corp. Counsel and James G. Greilsheimer, Litigating Asst. Corp. Counsel, New York City, for defendants The City of New York, Abraham Beame and Harrison Goldin.

Davis, Polk & Wardwell, New York City, for defendant Morgan Guaranty Trust Co. of New York.

Baer & McGoldrick, New York City, for defendant Ehrlich-Bober & Co., Inc.

Seward & Kissel, New York City, for defendant First Pennco Securities.

Winthrop, Stimson, Putnam & Roberts, New York City, for defendant Bear, Stearns & Co.

White & Case, New York City, for defendant Bankers Trust Co.

Simpson, Thacher & Barlett, New York City, for defendant Manufacturers Hanover Trust Co.

Brown, Wood, Ivey, Mitchell & Petty, New York City, for defendant Merrill Lynch, Pierce, Fenner & Smith, Inc.

Shearman & Sterling, New York City, for defendant First National City Bank.

Cravath, Swaine & Moore, New York City, for defendant Chemical Bank.

Donovan, Leisure, Newton & Irvine, New York City, for defendant A. G. Becker & Co., Inc.

Robert Besar, New York City, for defendant Weeden & Co., Inc.

Cleary, Gottlieb, Steen & Hamilton, New York City, for defendant Salomon Brothers.

Cahill, Gordon and Reindel, New York City, for defendant E. F. Hutton and Co., Inc.

Gold, Farrell & Marks, New York City (Martin R. Gold, New York City, of counsel), for plaintiffs.

Milbank, Tweed, Hadley & McCloy, New York City, for defendant The Chase Manhattan Bank.

## MEMORANDUM AND ORDER

OWEN, District Judge.

Plaintiffs seek leave, pursuant to Rule 23(b)(3) to proceed as a class action on behalf of all persons who purchased New York City general obligation bonds between May 1, 1974 and September 30, 1975.* This

---

* Most of these persons are "after-market" purchasers, acquiring previously issued bonds that were being resold. The relatively small number of primary market purchasers, although

is a companion action to *Friedlander v. City of New York,*** in which, on the basis of similar allegations, plaintiffs were granted the right to represent a class of purchasers of City Notes.

The complaint charges that defendants, upon discovering that the City bond market was on the verge of collapse because of the City's precarious financial condition, conspired to conceal information about the true state of City finances from the public and to undertake short term measures to avert default, with the intent of preserving prevailing bond prices. Plaintiffs further allege that certain defendants took advantage of the temporary respite thus created to dispose of their own holdings of bonds, and that of their principal customers, reducing such holdings from $2.5 billion on May 1, 1974 to virtually nothing by the time the prices collapsed. This "bail-out" was allegedly concealed from the general public, which relied upon the defendants' apparent sponsorship of municipal securities in making investment decisions.

For the most part, the objections raised to class certification are the same as were made in *Friedlander,* and for the reasons given in that opinion, I find them unpersuasive. There are, however, certain objections which relate principally to this action. Defendants argue that because plaintiffs' complaint asserts numerous misrepresentations, which may or may not have reached the various members of the proposed class, common questions do not predominate. Plaintiffs respond that notwithstanding the misrepresentations alleged, their claim is based on alleged nondisclosures common to the entire class.

■ In their complaint, plaintiffs assert both omissions and misrepresentations. But the essence of the claim is one of nondisclosure—that defendants sought to conceal the fact that they were attempting

to extricate themselves from a sinking market. Such an alleged common course of concealment is a proper basis for class action even though accompanied by affirmative misrepresentations. *Esplin v. Hirschi,* 402 F.2d 94, 100 (10th Cir. 1968), *cert. denied,* 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459 (1969); *Kronenberg v. Hotel Governor Clinton, Inc.,* 41 F.R.D. 42, 45 (S.D.N.Y. 1966).

In addition, to the extent that the complaint may support other theories of action, I deem it appropriate to defer to plaintiffs' interpretation of their own case. By seeking class status, plaintiffs have in effect opted to rely upon the nondisclosure theory. They cannot hope to succeed on the merits, as a class action, solely on the basis of alleged individual misrepresentations. Should they nevertheless choose to focus on them, I have the option to decertify the class pursuant to Rule 23(c)(1).

Defendants' other principal objection is that the proposed class—which unlike that in *Friedlander* encompasses the aftermarket—is unmanageable. They repeatedly raise the spectre of *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). *Eisen* involved a proposed class of all buyers and sellers of odd lots on the New York Stock Exchange over a four year period, a class encompassing some six million persons. Even by defendants' estimate, the proposed class here does not extend into the millions. And the *Eisen* action was not dismissed because of the sheer numbers involved, but because plaintiff there was unwilling to bear the full cost of notice. Plaintiffs here have indicated that they will bear such cost.

■■ Beyond the numbers involved, defendants contend that there is a serious manageability problem because of the difficulty of identifying the holders of City

---

not encompassed in plaintiffs' original class action demand, are acknowledged to be similarly situated, and should consequently be included in the class. Accordingly, for the purposes of this opinion, the proposed class is

defined as all those purchasing general obligation bonds from any source within the stated period.

** D.C., 71 F.R.D. 546.

bonds, such bonds being bearer instruments. But under Rule 23, notice need only be provided to those class members "who are identifiable through reasonable effort." *Eisen v. Carlisle & Jacquelin,* 417 U.S. at 175, 94 S.Ct. at 2151. To the extent, as defendants argue, that individual members cannot be identified, notice by publication is sufficient. *In re U. S. Financial Securities Litigation,* 69 F.R.D. 24, 46–47 (S.D.Cal. 1975).

Defendants also point to the fact that the damages suffered, if any, by the various proposed class members depend on which bond issues they held and when they bought and sold. However, the assessment of damages can be resolved in individual hearings following a joint trial on liability. Such a bifurcated procedure was expressly contemplated by the framers of Rule 23. Advisory Committee Notes, 39 F.R.D. 106. To the extent that conflicts of interest may arise between class members, the problem can be resolved by the creation of subclasses. *Tucker v. Arthur Andersen & Co.,* 67 F.R.D. 468, 482 (S.D.N.Y.1975).

The rule in this Circuit is to "view liberally claims which assert a right to a class action in 10b–5 cases at the early stages of the litigation." *Green v. Wolf Corp.,* 406 F.2d 291, 298 (2d Cir. 1968), *cert. denied,* 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969). For the reasons given, I conclude that the requirements of Rule 23 are met and accordingly grant plaintiffs' motion establishing a class as defined.

So Ordered.

