**Alen BAGHDASARIAN, on behalf of Himself and All Others Similarly Situated, Plaintiff,**

v.

**AMAZON.COM, INC., a Washington corporation; and Does 1 through 100, inclusive, Defendants.**

**No. CV 05–8060 AG (CTx).**

United States District Court, C.D. California.

July 7, 2009.

Michael D. Braun of the Braun Law Group, P.C., Matthew Zevin of Stanley, Mandel & Iola, for the Plaintiff, Alen Baghdasarian.

Jon Michaelson, of K & L Gates, for the Defendant, Amazon.

## ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

ANDREW J. GUILFORD, District Judge.

Before the Court is the motion for class certification and appointment of class counsel (the "Motion") filed by Plaintiff Alen Baghdasarian ("Plaintiff"). After considering the parties' arguments, the Court GRANTS the Motion.

## BACKGROUND

Defendant Amazon.com, Inc. ("Defendant") provides a platform, called the "Amazon Marketplace," for "Marketplace Sellers" to sell products to "Marketplace Buyers." (Memorandum of Points and Authorities in Support of Plaintiff's Motion for Class Certification ("Mot.") 2:20–21.) Defendant receives a sales commission and a percentage of the sales price for each item sold. (*Id.* 3:7–9.)

Until 2005, Defendant also charged Marketplace Buyers "shipping and handling fees." (Mot. 3:14–15.) Defendant set these fees without input from Marketplace Sellers. (*Id.* 3:17–19.) Marketplace Sellers took care of packaging and shipping products. (*Id.* 3:16–17.) Despite this fact, Defendant retained a portion of the shipping and handling fees, called a "holdback." (*Id.* 4:15–20.) Defendant did not disclose these holdbacks to Marketplace Buyers. (*Id.*) Plaintiff bought books from a Marketplace Seller, and Plaintiff paid the shipping and handling fee.

Plaintiff filed the Complaint, which alleged two claims under California's Unfair Competition Law, California Business & Professions Code § 17200, *et seq.* (the "UCL"), and one claim under California's Consumer Legal Remedies Act, California Civil Code § 1750, *et seq.* (the "CLRA"). On Defendant's motion, the Court granted Defendant summary judgment as to Plaintiff's claim under the "unfair" prong of the UCL but not Plaintiff's claim under the "fraudulent" prong of the UCL. (Oct. 23, 2006 Order.)

Plaintiff filed the Motion. In the Motion, Plaintiff sought certification for his claim under the "fraudulent" prong of the UCL and his CLRA claim. Plaintiff later decided not to seek certification for his CLRA claim. (Plaintiff's Supplemental Brief in Support of Motion for Class Certification ("Pl.'s Supp. Memo.") 1:21–2:1.) Thus, Plaintiff now only seeks certification for his claim under the "fraudulent" prong of the UCL.

## LEGAL STANDARD

According to Federal Rule of Civil Procedure 23(a),

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

A class action may only be maintained if Rule 23(a) is satisfied and if one of the three subparts of Rule 23(b) is satisfied. Rule 23(b) provides:

> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class;
>
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interest of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

■ In a motion for class certification, "[t]he court is bound to take the substantive allegations of the complaint as true." *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). The Court may also properly consider "the supplemental evidentiary submissions of the parties." *In re Citric Acid Antitrust Litigation*, 1996 WL 655791 at \*2–3, 1996 U.S. Dist. LEXIS 16409 at \*7 (N.D.Cal. Oct. 2, 1996).

■ In deciding a motion for class certification, the trial court must "rigorously analyze" whether the party moving for certification has met its burden under Rule 23. *See Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). "Because the early resolution of the class certification question requires some degree of speculation, however, all that is required is that the Court form a 'reasonable judgment' on each certification requirement." *Citric Acid*, 1996 WL 655791 at \*2, 1996 U.S. Dist. LEXIS 16409 at \*2; *see also Blackie*, 524 F.2d at 901. Any doubts a court has about class certification should be resolved in favor of certification. *Joseph v. Gen. Motors Corp.*, 109 F.R.D. 635, 638 (D.Colo.1986).

## ANALYSIS

Plaintiff argues that class certification is appropriate because the proposed class satisfies the requirements of Rule 23(a) and 23(b)(3). First, the Court must determine whether Plaintiff has standing to bring his claim.

### 1. STANDING

#### 1.1 Plaintiff's standing

■ Defendant argues that Plaintiff lacks standing to bring his claim. The Court disagrees. California Business and Professions Code § 17204 addresses a plaintiff's standing to assert an unfair competition claim. A private individual may bring a claim under Section 17204 only if he has: (1) "suffered an injury in fact," and (2) "lost money or property as a result of such unfair competition." *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal.App.4th 798, 812, 66 Cal.Rptr.3d 543 (Cal.Ct.App.2007).

■ Defendant argues that Plaintiff has not suffered economic harm. Defendant cites *Peterson v. Cellco Partnership,* 164 Cal. App.4th 1583, 80 Cal.Rptr.3d 316 (2008), among other cases. In *Peterson,* the Petersons sued for unfair competition under § 17200, *et seq. Id.* at 1586, 80 Cal.Rptr.3d 316. The appellate court found that the trial court correctly sustained Cellco's demurrer. *Id.* at 1591, 80 Cal.Rptr.3d 316. The appellate court noted, "[P]laintiffs here do not allege they paid more for the insurance due to defendant's collecting a commission. They do not allege they could have bought the same insurance for a lower price either directly from the insurer or from a licensed agent. Absent such an allegation, plaintiffs have not shown they suffered actual economic injury. Rather, they received the benefit of their bargain, having obtained the bargained for insurance at the bargained for price." *Id.*

Defendant argues that like the Petersons, here Plaintiff "received the benefit of his bargain. By his own admission, even considering charges for shipping and handling he did not pay extra for any of the goods he bought at the Marketplace, either generally or as a result of anything Amazon.com did or did not say." (Defendant's Supplemental Memorandum in Opposition to Plaintiff's Motion for Class Certification ("Def.'s Supp. Memo.") 4:26–5:1.) Defendant also argues that "[t]here is no evidence to support Plaintiff' [sic] repeated contention that the 'holdback' charged to Marketplace sellers until October 2005 resulted in higher prices for the items he and others purchased." (Def.'s Second Supp. Memo. 4:7–9.) For this reason, Defendant concludes that Plaintiff provides only "argument and speculation" and "has not and apparently cannot meet" the UCL standing requirements.

Plaintiff distinguishes *Peterson.* Plaintiff argues that "[u]nlike *Peterson,* where the fact that the commission was split had no impact on the price, here, Plaintiff and members of the class clearly paid more than they would have absent the extra commission hidden as a shipping and handling charge." (Second Supplemental Memorandum in Support of Plaintiff's Motion for Class Certification ("Pl.'s Second Supp. Memo.") 6:5–8.)

Both Plaintiff and Defendant cite several other cases to support their arguments, but none is more illuminating than *Peterson.* Generally, Defendant argues that to have standing, Plaintiff needs to allege that he could have purchased the items for less somewhere else. Defendant says that Plaintiff "obtained the best possible deal—including shipping and handling fees—at the Amazon Marketplace for the goods he wished to purchase. He therefore did not lose money as a result of Amazon.com's alleged improper behavior." (Def.'s Second Supp. Memo. 2:21–24.) Plaintiff argues that to have standing, Plaintiff needs only to allege that Plaintiff could have purchased the items for less *from Defendant.* Plaintiff argues that in this case he could have purchased the items for less from Defendant if Defendant had not charged the holdback fee.

The Court agrees with Plaintiff. Plaintiff has standing to bring his UCL claim.

## 1.2 Standing of other class members

■ Before Proposition 64, any person could pursue a claim under the UCL. Proposition 64 amended the statute so that a private individual has standing to sue only if that individual "has suffered injury in fact and has lost money or property as a result of [ ] unfair competition." Cal. Bus. & Profs. Code § 17204.

Proposition 64 did not determine whether a plaintiff who has standing under the UCL must also show reliance by each class member. The California Supreme Court recently addressed this issue in the *Tobacco II Cases.* The California Supreme Court concluded that "standing requirements are applicable only to the class representatives, and not all absent class members." *In re Tobacco II Cases,* 46 Cal.4th 298, 306, 93 Cal.Rptr.3d 559, 207 P.3d 20 (Cal.2009). Thus, Plaintiff does not need to show affirmative proof that each individual class member relied on Defendant's deceptive conduct.

## 2. RULE 23(a) REQUIREMENTS

The Rule 23(a) requirements are numerosity, commonality, typicality, and adequacy.

### 2.1 Numerosity

Rule 23(a)(1) requires that a class be "so numerous that joinder of all members is impracticable." FED.R.CIV.P. 23(a)(1). "[I]mpracticability does not mean 'impossibility,'" but simply that joinder of all class members must be difficult or inconvenient. *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913–14 (9th Cir.1964) (quoting *Advertising Specialty Nat. Ass'n v. FTC*, 238 F.2d 108, 119 (1st Cir.1956)). In this case, Plaintiff argues that the numerosity requirement is satisfied because the class consists of all Marketplace Buyers who were California residents during the class period, which is a very large number of people. (Mot. 7:2–3.) Defendant does not dispute this assertion. The numerosity requirement is satisfied.

### 2.2 Commonality

Plaintiff argues the commonality requirement is satisfied. The Court agrees. "A class has sufficient commonality 'if there are questions of fact and law which are common to the class.'" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.1998) (quoting FED.R.CIV.P. 23(a)(2)). "All questions of fact and law need not be common to satisfy this rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.*

■ Here, Plaintiff argues that commonality exists because "during the class period, Amazon's practice of charging an undisclosed commission under the guise of a shipping and handling fee violated the UCL . . . ." (Mot. 8:5–8.) Specifically, "Amazon's standard written disclosures regarding its shipping and handling fee misleadingly stated or implied that the fee was for 'shipping and handling,'" and also "misleadingly stated or implied that the fee is passed on in full to Marketplace Sellers to compensate them for actual shipping and handling costs." (*Id.* 8:7–12.)

Defendant argues that commonality does not exist because "Plaintiff fails to demonstrate that common questions of law and fact predominate over individual issues of proof." (Defendant Amazon.com. Inc.'s Opposition to Plaintiff Alen Baghdasarian's Motion for Class Certification ("Opp'n") 2:3–4.) Defendant argues that the Court would have to "conduct a series of mini-trials regarding individual issues" which would include "whether the buyer actually read the policy," "whether the buyer had previously sold items on the Marketplace (and thus was aware of the fee split between Amazon.com and sellers), or read other portions of the website which disclosed that Amazon.com retained a portion of the shipping charge," "whether the buyer had any interest whatsoever in the fee-split between Amazon.com and sellers and/or would have gone forward with the transaction regardless," and "whether the buyer in fact suffered any damages."

The Court agrees with Defendant that individual issues of proof exist. But "[a]ll questions of fact and law need not be common to satisfy this rule." *Hanlon*, 150 F.3d at 1019. Here, the claims of all members of the class "stem from the same source," *id.* at 1019–20, namely that Defendant misleadingly stated or implied that the shipping and handling fee is passed on in full to Marketplace Sellers. Plaintiff establishes that common questions of law and fact predominate over individual issues of proof. Plaintiff satisfies the commonality requirement.

### 2.3 Typicality

■ Plaintiff asserts that his claims are typical of the proposed class because "Plaintiff's and the Class' claims all arise from the same course of events—Amazon's uniform disclosures regarding the shipping and handling fees it charges Marketplace Buyers." (Mot. 14:23–25.) The Court agrees.

"The typicality prerequisite of Rule 23(a) is fulfilled if 'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'" *Hanlon*, 150 F.3d at 1020 (quoting FED.R.CIV.P. 23(a)(3)). "Representative claims are 'typical' if they are reasonably co-extensive with

those of absent class members; they need not be substantially identical." *Id.*

Here, the typicality requirement is satisfied because the named Plaintiff and the members of the proposed class "all have claims arising from the [same] . . . scheme." *Krell v. Prudential Ins. Co. of Am. (In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions)*, 148 F.3d 283, 311 (3d Cir. 1998) ("[C]ases challenging the same unlawful conduct which affects both the named plaintiffs and the putative class usually satisfy the typicality requirement irrespective of the varying fact patterns underlying the individual claims.").

Defendant argues that typicality is absent because "[e]ach alleged class member's right to recovery depends upon individualized issues of proof." (Opp'n 15:17–18.) Defendant argues that these issues include "whether the individual actually read the SHP," "whether he/she was already aware of the fee split between Amazon.com and sellers," "whether he/she had any interest in the fee-split arrangement and/or would have gone forward with the transaction regardless of such arrangement," and "whether he/she suffered any actual damages." (*Id.* 15:18–23.) These are the same issues Defendant raised in opposition to Plaintiff's arguments in favor of commonality, discussed in Section 2.2. As the Court noted in Section 2.2, some individualized issues of proof will need to be resolved. But representative claims "need not be substantially identical" to those of the class members. *Hanlon*, 150 F.3d at 1020. It is enough that the representative claims are "reasonably co-extensive with those of absent class members." *Id.* Here, Plaintiff's and the class members' claims arise from the same scheme and challenge the same allegedly unlawful conduct. The claims are reasonably co-extensive, and Plaintiff meets the typicality requirement.

### 2.4 Adequacy

Plaintiff argues that he and his counsel will adequately represent the class because his counsel are experienced class action litigators and Plaintiff's interests do not conflict with those of the potential class members. (Mot. 15:28–16:22.) The Court agrees.

"The final hurdle interposed by Rule 23(a) is that the representative parties will fairly and adequately protect the interests of the class." *Hanlon*, 150 F.3d at 1020 (quoting FED.R.CIV.P. 23(a)(4)). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.*

As for the first question, Defendant argues that Plaintiff has conflicts of interest with other class members because Plaintiff's claims are not typical of the class generally. But in Section 2.3, the Court concluded that Plaintiff's claims are typical. Thus, Plaintiff does not have conflicts of interest with other class members. As for the second question, the record shows that Plaintiff and his counsel will prosecute this action vigorously on behalf of the class. Further, Defendant does not dispute that Plaintiff's counsel has the experience and competence necessary to represent the class adequately. (Mot. 8:17–19.) Plaintiff satisfies the adequacy requirement.

### 3. RULE 23(b)(3)

Having met the Rule 23(a) prerequisites for class certification, a plaintiff is entitled to proceed on a class basis if he meets the requirements of one of the Rule 23(b) subsections. Here, Plaintiff seeks to proceed under Rule 23(b)(3). "To qualify for certification under this subsection, a class must satisfy two conditions in addition to the Rule 23(a) prerequisites: common questions must predominate over any questions affecting only individual members, 'and class resolution must be superior to other available methods for the fair and efficient adjudication of claims.'" *Hanlon*, 150 F.3d at 1022 (9th Cir.1998) (quoting FED.R.CIV.P. 23(b)(3)).

### 3.1 Predominance

Plaintiff asserts that the proposed class members all share the same legal issues and harms and that these issues predominate over any factual or legal differences. The Court agrees.

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. v. Windsor*, 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than an individual basis." *Hanlon*, 150 F.3d at 1022 (internal quotation marks omitted).

■ As discussed in Section 2.2, common questions of law and fact predominate over individual issues of proof. Specifically, the case deals with whether Defendant's shipping and handling disclosure misleadingly stated or implied that the fee was for shipping and handling, and whether it misleadingly stated or implied that the fee is passed on in full to Marketplace Sellers to compensate them for actual shipping and handling costs. These questions are "common to the entire class and [require] no separate inquiry into the actions or beliefs of individual class members." *Simer v. Rios*, 661 F.2d 655, 673 (7th Cir.1981). Further, these questions are significant because they have a direct bearing on the ability of each class member to prove Defendant's liability. *See Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir.2004). Common questions predominate over any individual questions in this case.

### 3.2 Superiority

■ Plaintiff asserts that conducting this case as a class action will be the most efficient way to resolve the claims of all class members, especially since the individual claims are small and economically unfeasible to litigate individually. The Court agrees.

■ Class actions certified under Rule 23(b)(3) must be "superior to other available methods for the fair and efficient adjudication of the controversy." *Amchem Prods. v. Windsor*, 521 U.S. 591, 615, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) (quoting FED.R.CIV.P. 23(b)(3)). "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Id.* at 617, 117 S.Ct. 2231. Rule 23(b)(3) lists four non-exclusive factors relevant to the Court's decision on whether or not a class action is superior to other forms of litigation: (1) the class members' interest in controlling the litigation individually; (2) the extent of any pending litigation involving class members and the current controversy; (3) the effect of litigating all the claims in this forum; and (4) the difficulty in managing the case as a class action. FED.R.CIV.P. 23(b)(3).

Applying the first factor to this case, the facts suggest that there are arguably thousands of potential class members, each with a very small claim. Few potential class members could afford to undertake individual litigation against Defendant to recover the relatively modest damages at issue. Individual members are unlikely to have a significant interest in controlling the litigation. A class action the best way to obtain meaningful redress against Defendant. Thus, the unavailability of practical procedural alternatives to class action litigation weighs in favor of certification. *Simer v. Rios*, 661 F.2d 655, 672 (7th Cir.1981).

The second factor supports class certification because the Court is unaware of any pending action against Defendant by class members litigating the issues present here. The third factor supports class certification because Plaintiff is a California resident, the putative class consists only of Marketplace Buyers residing in California, and Plaintiffs' claim is unique to California. Thus, California is the most efficient forum for litigating the claim. The fourth factor also supports class certification because prosecuting all of the putative class members' claims in a single class action likely will create fewer difficulties than the alternative.

All four of the Rule 23(b)(3) factors support certification, so the Court finds that conducting this case as a class action is the superior method of resolving this controversy.

### 4. CONCLUSION

Plaintiff has standing to bring his claim. Further, Plaintiff satisfies the Rule 23(a) re-

quirements of numerosity, commonality, typicality, and adequacy, and the Rule 23(b)(3) requirements of predominance and superiority.

***DISPOSITION***

The Court GRANTS the Motion.

IT IS SO ORDERED.