**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 13 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COLUMBUS ALLEN, Jr., | No. 11-15151 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00930-AWI-JLT |
| v. | |
| COUNTY OF STANISLAUS, | MEMORANDUM[*] |
| Appellee, | |
| ADAM CHRISTIANSON, Sheriff-Coroner; GINA LEGURIA, Policy Manager; WILLIAM DUNCAN, Cpt.; BRENDA SUAREZ, Lieutenant; RONALD LLOYD, Lieutenant; GREGG CLIFTON, Lieutenant; C. BLAKE, Sergeant; GALLES, Sergeant; ERNIE RADZA, Sergeant; V. L. TRUFFA, Sergeant, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Argued and Submitted June 11, 2012

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

San Francisco, California

Before: HUG, RAWLINSON, and IKUTA, Circuit Judges.

Columbus Allen appeals the district court's dismissal with prejudice of his pro se civil rights complaint. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

Allen's amended complaint states a claim against prison dentist Dr. Cheung for constitutionally inadequate medical care. Allen alleges in his complaint that Dr. Cheung refused for months to treat Allen's serious dental problem based on a series of "ephemeral and contradictory" reasons. Taking those allegations as true and drawing all inferences in Allen's favor, Allen's complaint establishes that Dr. Cheung purposefully delayed providing Allen necessary dental treatment and therefore acted with deliberate indifference to Allen's serious medical need. *See Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989); *Clement v. Gomez*, 298 F.3d 898, 904-05 (9th Cir. 2002). The magistrate judge's conclusion, as adopted in full by the district court, that delays in Allen's treatment were "beyond Dr. Cheung's control" misconstrued Allen's allegations and improperly assumed at the pleading stage that Dr. Cheung's assertions about why he failed to treat Allen were true. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011).

The district court also erred in dismissing with prejudice the claims from Allen's complaint that are unrelated to his claim for inadequate medical care against Dr. Cheung. Federal Rule of Civil Procedure 21 expressly prohibits a district court from dismissing a plaintiff's claims for the sole reason that the plaintiff erroneously joined those claims in a single action against different defendants. *See Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913 (9th Cir. 1964). The district court here violated that rule by dismissing Allen's remaining claims with prejudice simply because they were unrelated to his inadequate dental care claim and alleged against different defendants. On remand, the district court should instead remedy Allen's misjoinder by severing any claims or defendants unrelated to Allen's inadequate dental care claim. *See* Fed. R. Civ. P. 21.

**REVERSED and REMANDED.**